Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA FRANKLIN,<br><br>    PLAINTIFF,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>    DEFENDANTS. | Federal Case No.:<br><br>Sonoma County Case No.: S-CV-258908<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' NOTICE REMOVAL TO FEDERAL COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant RASH CURTIS & ASSOCIATES hereby removes to this Court the state court action described below:

1. On, June 2, 2016, an action was commenced in Superior Court, State of California, Sonoma County, entitled CHAKA FRANKLIN, Plaintiff, v RASH CURTIS & ASSOCIATES, Defendant, as case no. S-CV-258908.

2. On or about June 13, 2016, RASH CURTIS & ASSOCIATES was served with the Complaint, attached hereto as **Exhibit A**.

3. This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(a)** in that it arises under the federal

- 1 -

Case 3:16-cv-03918-MMC   Document 1   Filed 07/12/16   Page 2 of 12

Fair Debt Collection Practices Act (**15 U.S.C. § 1692,** *et seq.*) and Telephone Consumer Protection Act (**47 U.S.C. §227** *et seq.*).

Dated: July 12, 2016

ELLIS LAW GROUP, LLP

By _____
Amanda N. Griffith
Attorney for Defendant
DEFENDANT RASH CURTIS & ASSOCIATES

DEFENDANT RASH CURTIS & ASSOCIATES' NOTICE REMOVAL TO FEDERAL COURT

**EXHIBIT A**

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Rash Curtis & Associates, and DOES 1 through 10, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Chaka Franklin, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ENDORSED FILED**<br><br>JUN - 2 2016<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of Sonoma County
*(El nombre y dirección de la corte es):*
600 Administration Dr., Rm. 107J
Santa Rosa, Ca 95403

CASE NUMBER: *(Número del Caso):*
SCV 258908

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
L. Paul Mankin, Esq., 4655 Cass St., Ste. 112, San Diego, Ca 92109, (800)219-3577

DATE: JUN - 2 2016   JOSE O. GUILLEN Clerk, by _____Angela Mendia_____, Deputy
*(Fecha)*                                        *(Secretario)*                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Rash Curtis & Associates
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

|   |   |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | L. Paul Mankin (SBN 264038)<br>The Law Office of L. Paul Mankin<br>4655 Cass St., Ste. 112<br>San Diego, Ca 92109<br>T: (800) 219-3577<br>F:(323) 207-3885<br>pmankin@Paulmankin.com<br>Attorney for Plaintiff<br>CHAKA FRANKLIN |

ENDORSED FILED

JUN -2 2016

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SONOMA

UNLIMITED JURISDICTION

| | |
|---|---|
| CHAKA FRANKLIN,<br><br>    Plaintiff,<br><br>vs.<br><br>RASH CURTIS & ASSOCIATES, and DOES 1 through 10, inclusive,<br><br>    Defendant(s). | Case No.: SCV 258708<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br>2. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br>3. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

BY FAX

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. Chaka Franklin ("Plaintiff") brings this action to secure redress from Rash Curtis & Associates ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788]; for violations of the Fair Debt Collection Practices

- 1 -

COMPLAINT FOR DAMAGES

Act [15 U.S.C. § 1692]; and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227]. Each of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## PARTIES

2. Plaintiff Chaka Franklin ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Santa Rosa, in Sonoma County, and State of California. Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

3. At all relevant times herein, Defendant, Rash Curtis & Associates (hereinafter "Defendant"), was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f) and as a "debt" as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c) and the FDCPA, 15 U.S.C. §1692a(6).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers (866) 729-2722. At all times relevant to this action, Defendant called Plaintiff from, but not limited to the forgoing telephone numbers for the purpose of collecting the alleged debt.

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person.

8. This financial obligation was primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

9. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency and pattern of Defendant's telephone calls to Plaintiff evidences Defendant's intent to harass Plaintiff.

10. As an illustrative example (and not one of limitation) Defendant contacted or attempted to contact Plaintiff on the following dates: December 2, 2015 at 6:33 p.m.; December 3, 2015 at 9:50 a.m., 1:13 p.m., 4:08 p.m. and 6:49 p.m.; December 4, 2015 at 10:14 a.m. and 1:33 p.m.; December 5, 2015 at 9:37 a.m., 11:57 a.m.; December 7, 2015 at 11:12 a.m. and 3:15 p.m.; December 8, 2015 at 8:48 a.m. and 10:56 a.m.; December 8, 2015 at 12:55 p.m., 2:19 p.m., 2:20 p.m. and 6:03 p.m.; December 9, 2015 at 11:58 a.m., 2:41 p.m., 3:01 p.m., 4:05 p.m.; and December 10, 2015 at 10:48 a.m.

11. On at least one occasion, Plaintiff demanded that Defendant cease contacting Plaintiff regarding the alleged debt owed. Plaintiff's demand notwithstanding, Defendant continued to contact Plaintiff.

12. The natural and probable consequences of Defendant's conduct in contacting Plaintiff were to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

13. Furthermore, at all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

14. On average, Defendant contacted or attempted to contact Plaintiff approximately three (3) to four (4) times per day.

15. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

16. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

17. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone, to the extent it ever existed, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

18. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff.

19. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

20. Defendant is not a tax exempt nonprofit organization.

21. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

## FIRST CAUSE OF ACTION

### (Violation of the RFDCPA, Cal. Civ. Code § 1788)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated Cal. Civ. Code § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

24. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25.  As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Violation of the FDCPA, Cal. Civ. Code § 1692)

26.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.  Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)  Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

(b)  Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(c)  Defendant violated (§1692e(2)) by attempting to collect an amount not legally owed.

28.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29.  As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

30.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.  Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall

be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b)    Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

    32.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

    33.    Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    (a)    An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

    (b)    Actual damages pursuant to CAL. CIV. CODE § 1788.30(a), actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (c)    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and 15 U.S.C. § 1692k(a)(3);

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: May 27, 2016

RESPECTFULLY SUBMITTED,
LAW OFFICES OF L. PAUL MANKIN

By: _____
Paul Mankin, Esq.
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On July 12, 2016, I served the following document(s) on the parties in the within action:

**DEFENDANT RASH CURTIS & ASSOCIATES' NOTICE REMOVAL TO FEDERAL COURT**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

L. Paul Mankin  
Law Offices of L. Paul Mankin  
8730 Wilshire Boulevard  
Suite 310  
Beverly Hills, CA 90211

Attorneys for Plaintiff  
CHAKA FRANKLIN

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on July 12, 2016.

By: _____  
Jennifer Mueller